[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11175
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-00051-AAS

FIRST NATIONAL BANK OF ONEIDA, N.A.,

Plaintiff - Appellee,

versus

DONALD H. BRANDT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Donald Brandt appeals from the district court's order granting First National Bank of Oneida summary judgment on a deficiency claim for $1,227,712.95 based on seven cross-collateralized, secured property between 2007 and 2009. When subsequent foreclosure sales of the properties left an outstanding balance, the Bank filed a deficiency claim against Mr. Brandt seeking the balance. After the district court's original judgment was reversed and remanded following the dismissal of Mr. Brandt's bankruptcy case, the district court granted the Bank's motion for summary judgment for the full outstanding balance plus interest, finding no material issue of fact on the market price of the properties or the balance owed.

Mr. Brandt argues on appeal that the district court erred in finding that he waived his judicial estoppel affirmative defense by failing to include it in his answer, in discounting his testimony on the properties' fair market values, and in ruling that the Tennessee property appraiser's assessment summaries were inadmissible or, if admissible, of little probative value. For reasons explained further below, we conclude that the district court did not err in granting summary judgment in favor of the Bank. We therefore affirm.

**I**

Mr. Brandt has been a real estate investor for over 30 years and has owned and sold numerous properties over that time. Between 2007 and 2009 he obtained

seven cross-collateralized loans from the Bank secured by several properties located in Campbell County, Tennessee. On July 27, 2009, he filed for Chapter 11 bankruptcy protection. During the bankruptcy proceedings, the Bank filed proofs of claim asserting that the loans were fully secured and that the value of the collateral met, or exceeded, the balances on the loan.

The Bank auctioned off the collateralized property in foreclosure sales in an effort to recoup the $1,293,255.26 balance of the loans. Mr. Brandt's non-income producing properties were sold at an auction in August of 2013, and the income producing properties were sold in September of 2014. The auctions were run by experienced auctioneers, were well advertised, included other properties, and were well attended.

Unfortunately, the sales only generated $497,000, leaving a deficiency of nearly $1.2 million (including foreclosure costs and interest), so the Bank filed suit against Mr. Brandt in January 2016. The Bank later sought summary judgement based on the testimony of its expert and that of Mr. Brandt's; the conduct of the auction; and Mr. Brandt's failure to submit any evidence contesting the value of the properties at the date of their sale. After initially denying relief to the Bank due to a bankruptcy issue, the district court granted the Bank's motion for summary judgment. It concluded that Mr. Brandt failed to introduce sufficient evidence to

3

create a material issue of fact on whether the Bank sold the properties for materially less than fair market value. *See* D.E. 124 at 8. It therefore entered judgement in favor of the Bank for $1,227,712.95, accounting for the deficiency amount and accrued interest.

## II

We review a district court's order granting summary judgment *de novo*, "viewing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). A party is entitled to summary judgment if it can show "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We, like a district court, must view the evidence in the light most favorable to Mr. Brandt, the non-moving party. *See Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018).

Although we review a grant of summary judgment *de novo*, a district court's decision to exclude evidence within this context is reviewed for an abuse of discretion. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*citing Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548, 1554 (11th Cir.1995)).

## III

We discuss each of Mr. Brandt's arguments separately.

## A

Mr. Brandt argues that the district court erred by finding that he waived judicial estoppel argument by failing to include it in his initial pleadings because there was no claim of prejudice to the Bank. In opposing the Bank's motion for summary judgment, Mr. Brandt argued that the Bank should be precluded from arguing that the sale of the properties in 2013 and 2014 for $497,000 constituted fair market value, as in August of 2009 it filed proofs of claims in Mr. Brandt's Chapter 11 bankruptcy case valuing the properties at $1,549,560. The district court, however, found that Mr. Brandt waived his affirmative defense of judicial estoppel under Federal Rule of Civil Procedure 8(c) and our precedent by failing to include it in his answer. *See* D.E. 124 at 5. *See also* Fed. R. Civ. P. 8(c); *Am. Nat. Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983).

Mr. Brandt correctly points out that waiver under Rule 8(c) and our cases is not automatic and that courts have discretion to excuse waiver when there has been no prejudice due to the omission. *See, e.g., Miranda de Villalba v. Coutts & Co. (USA) Intern.*, 250 F.3d 1351, 1353 (11th Cir. 2001); *Transamerica Learning, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010); Arthur R. Miller, Mary K. Kane, and A. Benjamin Spencer, Federal Practice and Procedure § 1278 (3d ed.

5

Oct. 2020 update). Our precedent, including that cited by Mr. Brandt, merely establishes that excusing a pleading omission in the absence of prejudice is not reversible error. *See, e.g., Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue").

We conclude that the district court did not commit reversible error. First, the general rule is that failure to plead an affirmative defense constitutes waiver, *see Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010), and estoppel is one of the defenses specifically listed in Rule 8(c). Second, the district court considered the Bank's 2009 proofs of claim but found them to be of "little insight" as to the fair market value of the properties in 2013 and 2014. *See* D.E. 124 at 5–6. Third, the judicial estoppel defense lacked merit. The value of real estate can change from year to year, and its valuation of the properties in 2009 did not estop the Bank from advocating a different market value for them in 2013 and 2014. Indeed in his affidavit Mr. Brandt acknowledged that property values in Campbell County, Tennessee, changed between 2009 and 2014. *See generally Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 643 (11th Cir. 2019) ("Judicial estoppel is an equitable defense to a civil action 'intended to protect courts against parties who seek to manipulate the judicial process by changing their positions to suit the exigencies of the moment.' ") (citation omitted).

6

**B**

Mr. Brandt contends that the district erred by discounting his testimony about the value of his properties and by failing to draw all reasonable inferences in his favor as the non-moving party. While the district court perhaps used stronger language than merited when discussing Mr. Brandt's testimony, its conclusion that "[Mr.] Brandt's opinion that the property values in Campbell County, Tennessee 'generally increased' between 2009 and 2014 cannot defeat summary judgment" is sound.

Both sides agree that the dispute is governed by Tennessee law, specifically, Tennessee Code Annotated § 35-5-118. As the district court explained, this statute provides (1) for a creditor's right to a deficiency judgment after a foreclosure sale, (2) that the deficiency is calculated based the difference between the loan balance and the fair market value of the property, (3) for a rebuttable presumption that a foreclosure sale price was the fair market value of the property at the time of the sale, and (4) for the opportunity of a borrower to rebut that presumption by showing, by a preponderance of the evidence, that a foreclosure sale price was substantially less than the fair market value and for a concordant adjustment to the deficiency calculation. *See* D.E. 124 at 4–5.

Mr. Brandt's testimony was insufficient to overcome summary for a number of reasons. First, opinion testimony about the "general increase" in property values since 2009 and the lack of a particular casualty loss event to these properties did not, even at the summary judgment phase, rebut the presumption that the sale of the property was equal to fair market value. Second, Mr. Brandt stated in his affidavit that "general fluctuations in the real estate market" from 2009 to 2014 could have materially impacted the value of the properties. Yet he did not try to explain what these fluctuations were or what impact they had on the values. Third, Mr. Brandt's own expert failed to appraise the properties, and he explained that any values from an appraisal would be "very close" to the values provided by the Bank's appraiser.

The relevant issue is the value of the properties at the time of the sales in 2013 and 2014, and Mr. Brandt has the burden of showing that the sale price was "materially less" than the fair market value. *See* Tenn. Code Ann. § 35-5-118. Given that "materially less" means a "pretty substantial difference," and is a "very difficult burden for the debtor to overcome," *Eastman Credit Union v. Bennett*, 2016 WL 1276275, at *9-10 (Tenn. App. Mar. 31, 2006), Mr. Brandt's affidavit did not create an issue of material fact. See *Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004) (holding that a "mere scintilla" of evidence is insufficient).

## C

Mr. Brandt asserts that the district court erred by excluding the Campbell County, Tennessee property appraiser's assessment summaries as inadmissible hearsay. *See* Appellant's Br. at 27–29. This argument ultimately proves futile because the district court was correct in alternatively assigning them little probative value in disputing the values of the properties at the time of the sale. *See* D.E. 124 at 6.

Mr. Brandt is likely correct that after the Federal Rules of Civil Procedure were amended in 2010, the proper question for summary judgment is not whether the evidence in its current form is admissible, but whether it can be offered in an admissible form. *See* Fed R. Civ P. 56(c); *Rosbough v. Florida State Univ.*, No. 4:15-cv-583-RH/CAS, 2017 WL 4019452, at * 1-2 (N.D. Fla. Aug. 21, 2017); *Agee v. Chugach World Servs. Inc.*, No. 5:12-cv-2119-MHH, 2014 WL 5795555, at *5 (N.D. Ala. Sept. 30, 2014)("The Saunders [v. Emory Healthcare, Inc., 360 Fed. Appx. 110, 113 (11th Cir. 2010),] opinion does not govern this issue because Rule 56 was amended in 2010. Under the 2010 amendment, which became effective on December 1, 2010, authentication of documents no longer is required at the summary judgment stage."). *Fox v. Trident Asset Mgmt*. LLC, No. 8:17-CV-1370-T-36MAP, 2018 WL 3391259, at *1 (M.D. Fla. June 5, 2018). So though the district court was

correct in ruling that the assessment summaries were inadmissible hearsay in their current form, it is not clear from the record that it completed its analysis by asking whether they could be offered in an admissible form. *See* D.E. 124 at 6; *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112 (11th Cir. 2010). Because the district court provided an alternative ruling—that the assessments are insufficient to create a genuine issue of material fact as to the properties' values at the time of sale—we discuss that ruling.

Mr. Brandt argues that the district court erred in concluding that, even if admissible, the property assessments were of little probative value as to the properties' values at the time of sale. The Campbell County property appraiser's assessment summaries show a general increase in the assessed value of land in Campbell County between 2009 and 2013–14. The assessment summaries, however, say nothing about the value of any specific parcels, much less the value of the properties in question at their time of sale.

It is a settled principal that all land is unique. *See generally* Nancy Perkins Spyke, *What's Land Got to Do with It?: Rhetoric and Indeterminacy in Land's Favored Legal Status*, 52 Buff. L. Rev. 387, 387 (2004) (discussing the pervasiveness of the "land is unique" principle in a wide variety of legal settings from contracts, eminent domain, nuisance, class actions, partition, and lease

10

assignments, and antitrust); *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 7 (1958) (finding market power based on the uniqueness of the owned land); Restatement (Second) of Contracts § 360 (1981) ("A specific tract of land has long been regarded as unique and impossible of duplication by the use of any amount of money"). This principle makes evidence about the general housing market, without more, unpersuasive.  In the eminent domain context, we require a showing of similarity between a subject property and other sales when those other sales are offered for proof of value. *United States v. 0.161 Acres of Land, more or less, situated in City of Birmingham, Jefferson Cty.*, Ala., 837 F.2d 1036, 1040 (11th Cir. 1988). While we have not established a similar requirement in the foreclosure context, the logic is persuasive as to the weight of the evidence. Evidence of general property trends in a county falls well short of this standard and so the district court did not err in finding the property assessments of little probative value.

As noted, § 35-5-118 establishes that the pertinent issue is the fair market value at the time of filing, and puts the burden on Mr. Brandt to show by a preponderance of the evidence that the sale prices were materially less than the fair market value. *See In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1020 n.4 (11th Cir. 1984) ("Value is determined as of the filing date") (citing *LaJolla Mortgage Fund v. Ranch El Cajon Assoc.*, 18 B.R. at 287; *In re Barkley-Cupit Enterprises, Inc.*, 13 B.R. 86, 92 (Bkrtcy.N.D.Ga.1981), aff'd, 677 F.2d 112 (5th

11

Cir.1982)). All of Mr. Brandt's evidence offered in opposition to the Bank's motion for summary judgment relies on extrapolating from substantially higher values attributed to the properties in question in bankruptcy proceedings in 2009 based on general market trends from 2009 to the dates of sale. The problem with this logic is that, even when drawing all reasonable inferences in favor of Mr. Brandt, it offers no guidance as to whether the 2009 values or the sale values are the incorrect ones. By offering no evidence that it is the sale values that are wrong, this argument does not create a genuine dispute of material fact. *See Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004). The district court, therefore, did not err in finding that the property assessments were of little probative value as to the properties' values at the time of sale.

## IV

Mr. Brandt did not offer sufficient evidence to create a genuine issue of material fact as to the fair market value of the properties at their time of sale. We therefore affirm the district court's grant of summary judgment.

**AFFIRMED**.